Jordon Harlan, Esq. (CA #273978)
**HARLAN LAW, P.C.**
2404 Broadway, 2nd Floor
San Diego, CA 92102
Telephone: (619) 870-0802
Fax: (619) 870-0815
Email: jordon@harlanpc.com

Kenneth W. Pearson, Esq. (MN #016088X)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: kpearson@johnsonbecker.com
Email: akress@johnsonbecker.com

***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRYSTAL MORA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC,** a California Corporation; and **DOES 1-100, inclusive**,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.    Strict Products Liability<br><br>2.    Negligent Products Liability<br><br>3.    Breach of Express Warranty<br><br>4.    Breach of Implied Warranty of Merchantability<br><br>5.    Breach of Implied Warranty of Fitness for a Particular Purpose |

Plaintiff, **CRYSTAL MORA** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **HARLAN LAW, P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendants **PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC.** (hereafter referred to as "Defendant Maxi-Matic") and **DOES 1-100** (hereafter referred to as "Doe Defendants") (collectively referred to as "Defendants"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.     Defendant Maxi-Matic designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Elite Bistro Pressure Cooker," which specifically includes the Model Number EPC-813 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2.     Defendant Maxi-Matic touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.     Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders.

---

[1] *See*, e.g. Elite Bistro EPC-813 Owner's Manual, pgs. 15, 16. A copy of the Owner's Manual is attached hereto as "Exhibit A".

The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to, burn injuries to her arms and breasts.

4.     Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5.     As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF CRYSTAL MORA

6.     Plaintiff is a resident and citizen of the city of Albuquerque, County of Bernalillo, State of New Mexico.

7.     On or about October 6, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety feature[s]," [2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

---

[2] *Id.* at pg. 5.

**DEFENDANTS MAXI-MATIC U.S.A., INC. & DOES 1 - 100**

8.     Defendant Maxi-Matic designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others. Defendant Maxi-Matic is a California corporation, with is principal place of business and registered service address at 18401 Arenth Avenue, STE. B, City of Industry, California 91748.

9.     Plaintiff is ignorant of the identities of Doe Defendants, and therefore sues these defendants by such fictitious names.  The Doe Defendants may be individuals, partnerships, or corporations.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Doe Defendants were the parent, subsidiary, agent, servant, employee, co-venturer, and/or co-conspirator of the other Defendant Maxi-Matic and were at all times mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of such agency, employment, joint venture and conspiracy.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged was proximately caused by their conduct.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that Defendant is a resident of this district.

12.     Jurisdiction in this Court is proper in that Defendant Maxi-Matic is located and regularly conducts business here and is subject to general and

1   specific personal jurisdiction in this Court. Defendant Maxi-Matic's negligent

2   and wrongful acts or omissions caused tortious injury in the State of California

3   and are subject to personal jurisdiction in this Court.

4       13.    Jurisdiction in this Court is also proper in that Doe Defendants have

5   purposely availed themselves to the privilege of conducting business in the State

6   of California and are therefore subject to specific personal jurisdiction in this

7   Court. Doe Defendants' negligent and wrongful acts or omissions caused

8   tortious injury in the State of California and are therefore subject to personal

9   jurisdiction in this Court.

10                          **FACTUAL BACKGROUND**

11      14.    Defendant Maxi-Matic is engaged in the business of designing,

12   manufacturing, warranting, marketing, importing, distributing and selling the

13   pressure cookers at issue in this litigation.

14      15.    Defendant Maxi-Matic aggressively warrants, markets, advertises

15   and sells its pressure cookers as "advanced technology" [3] allowing consumers to

16   cook "faster and healthier."[4]

17      16.    According to the Owner's Manual accompanying each individual

18   unit sold, the pressure cookers purport to be designed with a "safety feature"[5]

19   and that prevents the lid from opening until all pressure is released; misleading

20   the consumer into believing that the pressure cookers are reasonably safe for

21   their normal, intended use.

22      17.    By reason of the forgoing acts or omissions, the Plaintiff and/or her

23   family purchased the pressure cooker with the reasonable expectation that it

24

25

26   _____

27   [3] *Id.* at pg. 15, 16

     [4] *Id.* at pg. 5.

28   [5] *Id.* at pg. 15, 16

1  was properly designed and manufactured, free from defects of any kind, and

2  that it was safe for its intended, foreseeable use of cooking.

3      18.    Plaintiff used her pressure cooker for its intended purpose of

4  preparing meals for herself and/or family and did so in a manner that was

5  reasonable and foreseeable by the Defendants.

6      19.    However, the aforementioned pressure cooker was defectively and

7  negligently designed and manufactured by the Defendants in that they failed to

8  properly function as to prevent the lid from being removed with normal force

9  while the unit remained pressurized, despite the appearance that all the

10 pressure had been released, during the ordinary, foreseeable and proper use of

11 cooking food with the product; placing the Plaintiff, her family, and similar

12 consumers in danger while using the pressure cookers.

13     20.    Defendants' pressure cookers possess defects that make them

14 unreasonably dangerous for their intended use by consumers because the lid

15 can be rotated and opened while the unit remains pressurized.

16     21.    Further, Defendants' representations about "safety" are not just

17 misleading, they are flatly wrong, and put innocent consumers like Plaintiff

18 directly in harm's way.

19     22.    Economic, safer alternative designs were available that could have

20 prevented the Pressure Cooker's lid from being rotated and opened while

21 pressurized.

22     23.    Defendant knew or should have known that its pressure cookers

23 possessed defects that pose a serious safety risk to Plaintiff and the public.

24 Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the

25 pressure cookers' defects from the general public and continues to generate a

26 substantial profit from the sale of its pressure cookers.

27     24.    As a direct and proximate result of Defendants intentional

28 concealment of such defects, its failure to warn consumers of such defects, its

1    negligent misrepresentations, its failure to remove a product with such defects
2    from the stream of commerce, and its negligent design of such products, Plaintiff
3    used an unreasonably dangerous pressure cooker, which resulted in significant
4    and painful bodily injuries upon Plaintiff's simple removal of the lid of the
5    Pressure Cooker.

6        25.    Consequently, the Plaintiff in this case seeks compensatory
7    damages resulting from the use of Defendants' pressure cooker as described
8    above, which has caused the Plaintiff to suffer from serious bodily injuries,
9    medical expenses, lost wages, physical pain, mental anguish, diminished
10   enjoyment of life, and other damages.

11                        **FIRST CAUSE OF ACTION**
12                     **STRICT PRODUCTS LIABILITY**

13       PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGANST PICK FIVE
14   IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC, and DOES 1-100, ALLEGES
15   AS FOLLOWS:

16       26.    Plaintiff incorporates by reference each preceding and succeeding
17   paragraph as though set forth fully at length herein.

18       27.    At the time of Plaintiff's injuries, Defendants' pressure cookers were
19   defective and unreasonably dangerous for use by foreseeable consumers,
20   including Plaintiff.

21       28.    Defendants' pressure cookers were in the same or substantially
22   similar condition as when they left the possession of the Defendants.

23       29.    Plaintiff and her family did not misuse or materially alter the
24   pressure cooker.

25       30.    The pressure cookers did not perform as safely as an ordinary
26   consumer would have expected them to perform when used in a reasonably
27   foreseeable way.

28

31.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendants failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendants failed to adequately test the pressure cookers; and

f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32.     Defendants actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

**NEGLIGENT PRODUCTS LIABILITY**

PLAINTIFF, FOR A SECOND CAUSE OF ACTION AGANST PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC, and DOES 1-100, ALLEGES AS FOLLOWS:

Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33.     Defendants had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

34.     Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendants knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

35.     Defendants were negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, they:

   a.  Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b.  Placed an unsafe product into the stream of commerce;

   c.  Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d.  Were otherwise careless or negligent.

36.     Despite the fact that Defendants knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendants continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

PLAINTIFF, FOR A THIRD CAUSE OF ACTION AGANST PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC, and DOES 1-100, ALLEGES AS FOLLOWS:

37.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.    Defendants expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff and her family. Moreover, Defendants expressly warranted that the lid of the pressure cooker could not be removed while the unit remained pressurized. For example, the pressure cooker Owner's Manual states that "[a]s a safety feature, the lid will not open unless all pressure is released."[6]

39.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

40.    Defendants marketed, promoted and sold its pressure cookers as a safe product, complete with "safety features."

41.    Defendants' pressure cookers do not conform to these express representations because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

42.    Defendants breached their express warranties in one or more of the following ways:

---

[6] *Id.*

a.  The pressure cookers as designed, manufactured, sold and/or supplied by the Defendants, were defectively designed and placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition;

b.  Defendants failed to warn and/or place adequate warnings and instructions on their pressure cookers;

c.  Defendants failed to adequately test its pressure cookers; and

d.  Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

43.   Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

44.   Plaintiff's injuries were the direct and proximate result of Defendants' breach of their express warranties.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

PLAINTIFF, FOR A FOURTH CAUSE OF ACTION AGANST PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC, and DOES 1-100, ALLEGES AS FOLLOWS:

45.   Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

46.   At the time Defendants marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendants warranted that its

pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

47.     Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

48.     Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

49.     Defendants' pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

50.     Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

51.     Defendants' breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**FIFTH CAUSE OF ACTION**

**<u>BREACH OF IMPLIED WARRANTY OF FITNESS FOR A</u>**

**<u>PARTICULAR PURPOSE</u>**

PLAINTIFF, FOR A FIFTH CAUSE OF ACTION AGANST PICK FIVE IMPORTS, INC. d/b/a MAXI-MATIC U.S.A., INC, and DOES 1-100, ALLEGES AS FOLLOWS:

52.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

53.     Defendants manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

54.     Members of the consuming public, including consumers such as Plaintiff, were the intended third-party beneficiaries of the warranty.

55.     Defendants' pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

56.     Plaintiff reasonably relied on Defendants' representations that its pressure cookers were a quick, effective and safe means of cooking.

57.     Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

58.     As a direct and proximate result of Defendants' negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

59.     As a direct and proximate result of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

60.     As a direct and proximate cause of Defendants' negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur

expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendants for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A.  That Plaintiff has a trial by jury on all of the claims and issues;

B.  That judgment be entered in favor of the Plaintiff and against Defendants on all of the aforementioned claims and issues;

C.  That Plaintiff recover all damages against Defendants, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendants' defective pressure cooker;

D.  That all costs be taxed against Defendants;

E.  That prejudgment interest be awarded according to proof;

F.  That Plaintiff be awarded attorney's fees to the extent permissible under California law; and

///

///

///

///

///

G.   That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**Dated: September 21, 2021**                    **HARLAN LAW, PC**

By: /s/ Jordon R. Harlan

Jordon R. Harlan, Esq.

***In association with:***

**JOHNSON BECKER, PLLC**

Kenneth W. Pearson, Esq. (MN #016088X)
*Pro Hac Vice to be filed*
Adam J. Kress (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
Email: kpearson@johnsonbecker.com
Email: akress@johnsonbecker.com

***Attorneys for Plaintiff***

COMPLAINT AND DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

**Dated: September 21, 2021**        **HARLAN LAW, PC**

By: /s/ Jordon R. Harlan

Jordon R. Harlan, Esq.